UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:11-cr-80-FtM-29SPC

ALFREDO J. SARARO, III
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion and Amended Motion for a New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Docs. ## 102, 104) and Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 29 for a Judgment of Acquittal (Doc. #103), both filed on September 27, 2012. Also before the Court is defendant's oral objection to the government's closing argument taken under advisement at the close of trial. (Doc. #91.) The United States filed a consolidated Response (Doc. #105) on October 11, 2012.

The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable

>     inferences and credibility determinations made by the
>     jury. The District Court's determination that the
>     evidence introduced at trial was insufficient to support
>     the jury's verdict of guilt is [an] issue of law entitled
>     to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008) (internal quotation marks and citation omitted). Applying these principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count upon which a conviction was found, and that a reasonable jury could have found defendant guilty beyond a reasonable doubt as to the counts of conviction. Therefore, Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 29 for a Judgment of Acquittal (Doc. #103) will be denied.

Defendant also maintains that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33 because the verdicts are contrary to law, the evidence, and the manifest weight of the evidence. Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility

of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004). Applying this standard to the evidence presented at trial, it is the Court's view that the verdicts of guilty are not against the weight of the evidence. Having heard the evidence and making independent credibility determinations, the Court fully agrees with the guilty verdicts in this case.

Additionally, there is no legal issue which precludes conviction on each of the counts on which defendant was convicted. Because a trial judge is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury, it is within that judge's discretion to grant or deny a mistrial. United States v. Delgado, 321 F.3d 1338, 1346-47 (11th Cir. 2003). The Court acted well within that discretion in denying the motion for mistrial based upon testimony of defendant's 2002 Chapter 7 bankruptcy. A trial court also retains wide discretion to limit cross-examination, provided that it presents the defendant with "an opportunity for effective cross-examination." United States v. Maxwell, 579 F.3d 1282, 1296 (11th Cir. 2009). That discretion was not abused with regard to witness Jonathan Koning. The "Meehan Tapes" defendant wanted admitted were hearsay under Fed. R. Evid. 801(d)(2)(A), United States v. Willis, 759 F.2d 1486, 1501 (11th

Cir. 1985); <u>United States v. Cunningham</u>, 194 F.3d 1186, 1199 (11th Cir. 1999), and therefore no error was committed in sustaining the government's objection to these tapes. There was no basis to strike the testimony of Robert Horgos, since a witness need not agree with what the government thinks are the facts. The argument that the Court refused to instruct the jury pursuant to "Defendant's requested jury instructions" is non-specific and vague. In any event, the Court finds no meritorious basis to grant a new trial on this basis.

The Court took under advisement defendant's objection to the government's closing argument. In rebuttal closing argument, the government attorney stated:

> But Alfredo Sararo aided and abetting that [mortgage fraud fax] by doing a few things that Mr. Rosenblatt didn't talk about. He didn't talk about the bogus ING statement, did he. He didn't talk about the fraudulent Tim Cherry letter, did he. Why? Because those are the things that he did to aid and abet that mortgage fraud. And that's why he's guilty.
>
> He talks about vacation records from July 3rd, 2007. How about presenting a document in support of that, huh? Sent one in support of the honeymoon. Easy enough. They're the ones – they had the credit cards. They had the records. Come in and present the testimony if that's the point.

(Doc. #105-1.) Defendant argues that this was an unconstitutional attempt to shift the burden of proof to the defense.

It is improper for a prosecutor to shift the burden of proof to the defendant. <u>United States v. Bernal-Benitez</u>, 594 F.3d 1303, 1315 (11th Cir. 2010). To find prosecutorial misconduct, a

two-element test must be met: (1) the questions or comments must be improper, and (2) the questions or comments must prejudicially affect the substantial rights of the defendant. United States v. Wilson, 149 F.3d 1298, 1301(11th Cir. 1998).  It is not improper to comment on the lack of corroboration of testimony presented by the defense.  United States v. Schmitz, 634 F.3d 1247, 1266-67 (11th Cir. 2011).  Additionally, a comment by the prosecutor on the failure by defense counsel, as opposed to the defendant, to counter or explain evidence does not violate a defendant's Fifth Amendment right not to testify.  United States v. Hernandez, 145 F.3d 1433, 1439 (11th Cir. 1998).  Defendant's objection will be overruled and the motion for a mistrial, and the current motion for a new trial, are also denied on this ground.

Accordingly, it is now

**ORDERED:**

1.  Defendant's oral objection to the government's closing arguments is **overruled** and the oral motion for mistrial on this basis is **DENIED.**

2.  Defendant's Motion for a New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Doc. #102) is **DENIED** as moot in light of the amended filing.

3.  Defendant's Motion for a New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Doc. #104) is **DENIED.**

4.  Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 29 for a Judgment of Acquittal (Doc. #103) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of October, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record