UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                   2:11-cr-80-FtM-29SPC

ALFREDO J. SARARO, III
_____

## OPINION AND ORDER

This matter comes before the Court on the following motions: (1) Defendant's Motion for a New Trial Based Upon Brady Violation (Doc. #132) filed on December 27, 2012; (2) Defendant's Motion for an Evidentiary Sentencing Hearing (Doc. #134), filed on December 30, 2012; and (3) Defendant's Motion for a Mistrial Based Upon a Juror's Misconduct During Voir Dire (Doc. #135) filed on December 31, 2012.  The United States filed Responses (Docs. ## 140, 141) to two of the motions.

**(1) Defendant's Motion for a New Trial Based Upon Brady Violation (Doc. #132):** Defendant asserts that he was not given a particular document by the government.  The Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). In deciding if a new trial is warranted on account of a Brady violation, a defendant must show that: (1) the government possessed evidence favorable to him; (2) he did not

possess the evidence and could not have discovered it with reasonable diligence; (3) the prosecution suppressed this evidence; and, (4) had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different. United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002). Phrased a little differently, "[t]hree elements establish a Brady violation: (1) the evidence must be favorable to the accused, because it is either exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be material so as to establish prejudice." United States v. Naranjo, 634 F.3d 1198, 1212 (11th Cir. 2011)(citation omitted). "Failure to meet any one of these elements will defeat a motion for a new trial." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). Even if the document was not made available to defense, the Court finds that it is clear that the document is not material and cannot be said to have undermined the confidence in the outcome of the trial. The motion is denied.

**(2) Defendant's Motion for an Evidentiary Sentencing Hearing (Doc. #134):** At the conclusion of the second day of the sentencing hearing, defense counsel stated he did not desire an evidentiary hearing on any of the sentencing matters. The Court held a sentencing evidentiary hearing on some matters raised by the government. Defendant's motion will be denied as moot.

**(3) Defendant's Motion for a Mistrial Based Upon a Juror's Misconduct During Voir Dire (Doc. #135):** Defendant asserts that a juror made a false statement during voir dire and failed to disclose certain relevant information in response to questions. As the Eleventh Circuit recently summarized:

> [T]o obtain a new trial [based on juror misconduct during voir dire], a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. [ ] The first prong requires a determination of whether the juror answered honestly, that is, whether he was aware of the fact that his answers were false. [ ]
>
> The second prong, that a correct response would have provided a valid basis for a challenge for cause, requires a showing of actual bias. [ ] Actual bias may be shown either by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed. [ ]

United States v. Valencia-Trujillo, 380 F. App'x 936, 937-38 (11th Cir. 2010)(internal citations and quotation marks omitted). After review of the record, the Court concludes that defendant has failed to establish either requirement.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion for a New Trial Based Upon Brady Violation (Doc. #132) is **DENIED.**

2.   Defendant's Motion for an Evidentiary Sentencing Hearing (Doc. #134) is **DENIED.**

3.   Defendant's Motion for a Mistrial Based Upon a Juror's Misconduct During Voir Dire (Doc. #135) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of January, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record