UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:11-cr-80-FtM-29SPC

ALFREDO J. SARARO, III
_____

## OPINION AND ORDER

This matter came before the Court on January 3 and 4, 2013, for sentencing. The Court heard oral arguments and conducted an evidentiary hearing regarding the contents of and objections to the Presentence Report. Those objections are resolved as set forth below.

1. **Paragraph 7:** Defendant's objection is sustained in part and overruled in part. The following sentence shall be added to the end of this paragraph: "Defendant asserts that this was a joint account with Mr. Horgos." The Court finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and the objections are otherwise overruled.

2. **Paragraphs 8-14:** The Court finds that the factual statements in these paragraphs are supported by evidence at trial which the Court found to be credible. Defendant's objections are overruled.

3. **Paragraphs 15-18:** The Court finds that the factual statements in these paragraphs are supported by evidence at trial

which the Court found to be credible. Defendant's objections are overruled.

4. **Paragraphs 19-23:** The Court finds that the factual statements in these paragraphs are supported by evidence at trial which the Court found to be credible. Defendant's request to exclude paragraph 19 is denied, and the objections to these paragraphs are overruled.

5. **Paragraphs 24-39:**

(a) **Paragraph 24:** The Court finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible. Defendant's objections are overruled.

(b) **Paragraph 25:** Defendant's objection is sustained to the extent that paragraph 25 shall be amended to read: "One of the investors, Jerome Brandy, visited the properties he purchased through Horgos and Sararo. After the purchase, Sararo falsely claimed to Brandy that he did not make any money on the deals, and that Sararo purchased these properties as a favor to Horgos. This representation was false, when in reality Sararo had stolen more than $100,000 of Brandy's money. Sararo later told Brandy that he did make money on the deals." The Court otherwise finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and therefore defendant's objections are otherwise overruled.

(c) **Paragraph 26:** The first sentence of this paragraph is amended to read: "Another investor, Allegheny Court of Common Pleas Judge Gerard Bigley, caused internet research to be conducted, and realized what Sararo had actually paid for the properties and when." The remainder of the paragraph shall remain as written. The Court otherwise finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's other objections are overruled.

(d) **Paragraph 27:** The first sentence is amended to read: "To stave off Bigley's concern, Sararo did two things." The factual statements in the second sentence are supported by evidence at trial and at the sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled. The Court finds that the factual statements in the third sentence of this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's objections to that sentence are overruled. Defendant's objection to the remainder of this paragraph relating to the Countrywide Bank loan is sustained. The jury acquitted defendant on this count, and while the Court may consider acquitted conduct at sentencing, United States v. Watts, 519 U.S. 148 (1997); United States v. Campbell, 491 F.3d 1306, 1314-15 (11th Cir. 2007), the Court finds that the government has not established by a preponderance of the evidence that this was a

fraudulent transaction attributable to defendant.  Accordingly, the portion of paragraph 27 beginning with "And finally, . . ." shall be deleted.

    (e)   **Paragraph 28:**   The Court finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's objections are overruled.  The Court is not bound by the decision in the civil action of <u>Selelyo v. Sararo</u>, which addressed the issue of the civil plaintiffs' standing to bring certain civil actions against Sararo and others, not whether Selelyo was the victim of wire fraud or had testimony relevant to the criminal charges.  The credible evidence presented to the jury fully supports the statements in this paragraph and others concerning transactions involving Mr. Selelyo.  Defendant's objections are overruled.

    (f)   **Paragraph 29:**   The phrase "For unknown reasons" in the first sentence and the "t" on the end of Sararo's name in the second sentence are stricken.  The Court finds that the other factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's other objections are overruled.

    (g)   **Paragraph 30:**   The Court finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's objections are overruled.

(h) **Paragraph 31:** The "In February, 2007" in the second sentence is stricken, and is replaced with "On January 24, 2007, . . ." The Court finds that the other factual statements in this paragraph are supported by evidence at trial and at the sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are otherwise overruled.

(i) **Paragraph 32:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(j) **Paragraph 33:** The Court finds that the factual statements in this paragraph are supported by evidence at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(k) **Paragraph 34:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(l) **Paragraph 35:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(m) **Paragraph 36:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(n) **Paragraph 37:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

(o) **Paragraph 38:** The Court finds that the factual statements in the first three sentences of this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled. As to the fourth sentence, the Court changes the phrase "falsely accused" to "incorrectly accused", and leaves the remainder of the paragraph as written. The objections are otherwise overruled.

(p) **Paragraph 39:** The Court finds that the factual statements in this paragraph are supported by evidence at trial and at the January 4, 2013, sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled.

6. **Paragraphs 40-41:**

The Sentencing Guidelines do not require a precise determination of loss, and the district court need only make a

reasonable estimate of the loss, given the available information. United States v. Lee, 427 F.3d 881, 893 (11th Cir. 2005). Nevertheless, a sentencing judge may not speculate about the existence of a fact that would result in a higher sentence, and the government must support its loss calculation with "reliable and specific evidence." United States v. Barrington, 648 F.3d 1178, 1197 (11th Cir. 2011); United States v. Bradley, 644 F.3d 1213, 1290 (11th Cir. 2011). "For sentencing purposes, the loss amount does not need to be precise and may only be a reasonable estimate of the loss based on the available information." United States v. Naranjo, 634 F.3d 1198, 1214 (11th Cir. 2011)(citation omitted). See also United States v. Masferrer, 514 F.3d 1158, 1164 (11th Cir. 2008).

(a) **Paragraph 40:** Defendant's objections to the methodology for calculating the loss amount are overruled. Under U.S. Sentencing Guidelines Manual § 2B1.1, the losses were calculated using actual losses, not intended losses, and deducted current fair market value of property retained by the victims and any sums recovered on the property by the victims.

(b) **Paragraph 41:**

**(1)** The Court finds that the calculation of the loss amounts in this paragraph as to Gerard/Maureen Bigley, 137 Freeport Rd LP, Paul Kozel, Dominic/Jerry Brandy, Albemarle Associates LLC, Joseph Esposito, Michael Horgos, James Selelyo, Mary/Mitch Glace,

Mary McVay, and Eugene Horgos are supported by evidence at trial and at sentencing which the Court found to be credible, and defendant's objections are overruled. The Court finds that these amounts are reasonable estimates of the loss based upon the available information.

**(2)** As to Eric Harrington, at trial the Court struck his testimony concerning 1130 Andalusia Boulevard, and for that reason declines to include this property in the calculation of loss amount or for restitution. The Court further finds that the government has not shown by a preponderance of the evidence that the amounts for the dock in the Dunes complex, the unsuccessful purchase of Britney Bay Unit, the unsuccessful purchase of Paradise Village Unit, the unsuccessful purchase of New Dunes unit, and the unsuccessful purchase of the Panama Unit constitute losses which may be assessed against defendant in this case. The Court finds that the evidence does establish the loss amount of $49,760 for 1427 NE 20th Avenue, and $414,000 for 2035 Cannolot Boulevard. After subtracting the fair market value of $257,681 for Cannolot, the total loss amount for Mr. Harrington is $206,079. This portion of Paragraph 41 shall be amended accordingly. Defendant's objections are otherwise overruled as to Mr. Harrington's loss.

**(3)** The parties dispute whether Robert Horgos was a "victim" under the Sentencing Guidelines, and therefore whether any losses he suffered can be included in the loss calculation and

restitution amounts. For sentencing purposes, a "victim" is any person who sustained any part of the actual loss determined under subsection (b)(1). U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.1. Actual loss is defined as "reasonably foreseeable pecuniary harm that resulted from the offense." Id. at cmt. n.3(A)(i). Victims of fraud offenses include persons who suffer pecuniary loss, even if those persons are reimbursed for their losses. United States v. Lee, 427 F.3d 881, 894-95 (11th Cir. 2005). For restitution purposes, a victim is a person "directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2).

The testimony at trial showed a complex relationship between Sararo and Robert Horgos. The evidence clearly supports the jury's verdicts that Sararo was guilty of the fraud and tax counts. The evidence as to whether Robert Horgos was always a victim, always a co-schemer, or some combination, was more ambiguous. While determining Robert Horgos' status does not impact defendant's guilt, it may impact the calculation of the Sentencing Guidelines as to defendant. The Court will give defendant the benefit of the doubt, and concludes that the government has not presented sufficient evidence to establish that Robert Horgos was a victim within the meaning of the Sentencing Guidelines.

The loss amounts established by reliable evidence are therefore calculated as follows:

| | |
|---|---:|
| Gerard/Maureen Bigley | $164,270 |
| 137 Freeport Rd LP | 197,300 |
| Paul Kozel | 242,904 |
| Dominic/Jerry Brandy | 423,774 |
| Albemarle Associates LLC | 210,236 |
| Eric Harrington | 206,079 |
| Joseph Esposito | 10,000 |
| Michael Horgos | 150,000 |
| James Selelyo | 450,000 |
| Mary/Mitch Glace | 150,000 |
| Mary McVay | 150,000 |
| Eugene Horgos | <u>150,000</u> |
| Total Fraud Loss: | $2,504,563 |

While this amount is a reasonable calculation based upon available information, it is not precise enough to allow $4,563 to put defendant in the next Sentencing Guidelines level. Accordingly, the Court will again give defendant the benefit of the doubt and find that the loss amount was at least a dollar less than $2.5 million (but more than $1 million), and therefore there is a 16 level increase and not an 18 level increase under U.S. Sentencing Guidelines Manual §2B1.1(b)(1).

   7. **Paragraphs 42-46:**

   (a) **Paragraphs 42-44:** The Court finds that the factual statements in these paragraphs are supported by evidence at trial

which the Court found to be credible, and defendant's objections are overruled.

(b) **Paragraph 45**: Defendant objects to the inclusion of the 2006 tax calculation because the Superceding Indictment charged only 2004 and 2005. The government asserts this may be considered under the Relevant Conduct provisions of the Sentencing Guidelines. The 2006 tax return was filed in 2011. Relevant conduct to determine a Sentencing Guideline range includes all acts and omissions committed by the defendant that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A). The Court finds that the government has not established that the 2011 filing of the tax return covering 2006 satisfies any of these requirements. Defendant's objection is sustained as to the 2006 tax return, and paragraph 45 is stricken.

(c) **Paragraph 46**: The Court finds that the factual statements in this paragraph as to 2004 and 2005 are supported by evidence at trial which the Court found to be credible, and defendant's objections are overruled. As to 2006, for the reasons set forth above, that information will be stricken from the chart in paragraph 46, and the total tax loss shall be stated as $427,906.

8. **Paragraphs 49-52**

Title 18 U.S.C. § 3663(a) states in pertinent part: "[T]he term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. . . ." 18 U.S.C. § 3663(a)(2).

(a) **Paragraphs 49-51:** The restitution amount listed in paragraph 49 shall be changed to $427,906 for the reasons stated in paragraph 7(c) above. The Court finds that the other factual statements in these paragraphs are supported by evidence at trial, at the sentencing evidentiary hearing, which the Court found to be credible, and the record, and defendant's objections are overruled.

(b) **Paragraph 52:** The Court declines to find that the costs sought by Gerard/Maureen Bigley are properly included in restitution amounts, and computes the restitution for Eric Harrington to be $206,079, based upon the findings in paragraph 6(b)(2) of this Opinion and Order. With the exception of Robert Horgos, the Court otherwise finds that the restitution amounts in this paragraph are supported by evidence at trial which the Court found to be credible and the record, and defendant's objections are overruled. As to Robert Horgos, the Court finds that the

complication and prolongation of the sentencing proceedings resulting from attempting to fashion an order of restitution as to Robert Horgos outweighs the need to provide restitution to Robert Horgos, and therefore the Court declines to determine if Robert Horgos is entitled to restitution in this case and, if so, the amount of restitution. 18 U.S.C. § 3663(a)(1)(B)(ii).

    9. **Paragraph 53:** The Court finds that the factual statements in the first three sentences and in the fifth sentence of this paragraph are supported by evidence at trial and at the sentencing evidentiary hearing which the Court found to be credible, and defendant's objections are overruled. As to the fourth sentence, the Court finds that defendant was incorrect about the conduct of the IRS agent during trial, and that there was nothing improper about her conversation with the government witness during a recess while the witness was on direct examination. The Court concludes, however, that defendant's incorrect hearing and reporting of this conversation did not constitute obstruction of justice. Defendant's objection as to this sentence is sustained, and the fourth sentence of this paragraph shall be stricken.

    10. **Paragraph 58:** For the reasons set forth in paragraph 6 above, the Court finds that the loss amount in this case is approximately $2,499,999.00. Under the Sentencing Guidelines, this results in a 16 level increase. Defendant's objections are otherwise overruled.

11.  **Paragraph 59**: The Sentencing Guidelines provide for a 2-level enhancement if the offense involved ten or more victims. U.S. Sentencing Guidelines Manual §2B1.1(b)(2)(A)(i). The commentary to § 2B1.1(b)(2) defines a victim as "any person who sustained any part of the actual loss. . . ." Id. at cmt. n.1. Both the husband and the wife are victims under § 2B1.1(b)(2) when jointly held money is taken because both sustain a "part of the actual loss." United States v. Densmore, 210 F. App'x 965, 971 (11th Cir. 2006). The Court finds that the number of victims did exceed ten. The Court finds that the victims included at least Gerard Bigley, Maureen Bigley, 137 Freeport Rd LP, Paul Kozel, Dominic Brandy, Jerry Brandy, Ablemarle Associates LLC, Eric Harrington, Joseph Esposito, Michael Horgos, James Selelyo, Mary Glace, Mitch Glace, Mary McVay, and Eugene Horgos. Defendant's objections are overruled.

12.  **Paragraph 60**: The Sentencing Guidelines provide for a two-level enhancement if the offense in question "involved sophisticated means," which the commentary defines as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense". U.S. Sentencing Guidelines Manual §2B1.1(b)(10)(C). "Each action by a defendant need not be sophisticated in order to support this enhancement. It is sufficient if the totality of the scheme was sophisticated." United States v. Barrington, 648 F.3d 1178, 1199 (11th Cir. 2011).

Even crimes involving simple steps can be committed using sophisticated means if the combination of all the steps demonstrates sophistication. See United States v. Ghertler, 605 F.3d 1256, 1268 (11th Cir. 2010). The Court finds that the government has established that this enhancement is justified by the credible evidence presented at trial, and therefore defendant's objections are overruled.

    13. **Paragraph 61**: The Court finds that defendant derived more than $1 million in gross receipts from one or more financial institutions as a result of the offenses, within the meaning of U.S. Sentencing Guidelines §2B1.1(b)(15)(A). This enhancement does not require that a loss be sustained by the financial institution, and the credible evidence supports this enhancement. Defendant's objection is overruled.

    14. **Paragraph 63**: The Court finds that the factual statements in this paragraph are supported by evidence at trial which the Court found to be credible, and defendant's objections are overruled. The Court finds that the credible evidence at trial established that Jonathon Rotella, Frances Agosto, Wendy Sicilano, and Richard Sena were criminal participants in the offenses. As discussed earlier, the evidence concerning Robert Horgos was more complicated, and during sentencing the government at least downplayed his role as a criminal participant. The Court concludes that the government has not established by sufficient evidence that

Robert Horgos should be considered a criminal participant, and therefore an enhanced role based upon five criminal participants is not established. The Court realizes that this gives defendant the double benefit of Robert Horgos not being considered a criminal participant for this Sentencing Guidelines provision, and yet also not being considered a victim for purposes of other Sentencing Guidelines provisions.

The credible evidence does support the assertion that defendant was the organizer or leader of criminal activity that was otherwise extensive. There is ample credible evidence that defendant exerted control, influence, and decision-making authority over other participants in the criminal activity, and the criminal activity was extensive as to its scope, planning, preparation, and duration. Defendant's objections to this aspect are overruled.

15. **Paragraph 64:** The Sentencing Guidelines impose a two-level enhancement where "the defendant abused a position of public or private trust, . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S. Sentencing Guidelines Manual §3B1.3. This enhancement requires the government to establish that the defendant (1) held a place of public or private trust, (2) abused that position in a way that significantly facilitated the commission or concealment of the offense, and (3) was in the position of trust with respect to the victim of the crime. United States v. Britt, 388 F.3d 1369,

1371-72 (11th Cir. 2004), vacated on other grounds, 546 U.S. 930 (2005), reinstated in part and aff'd in part, 437 F.3d 1103 (11th Cir. 2006). "The determination of whether a defendant occupied a position of trust is extremely fact sensitive." United States v. Ghertler, 605 F.3d 1256, 1264 (11th Cir. 2010). Because every instance of fraud involves an element of misplaced trust, "a sentencing court must be careful not to be overly broad in imposing the enhancement for abuse of a position of trust." Ghertler, 605 F.3d at 1264 (quotation marks omitted). The government must show "that the victim placed a special trust in the defendant beyond ordinary reliance on the defendant's integrity and honesty that underlies every fraud scenario." United States v. Williams, 527 F.3d 1235, 1250-51 (11th Cir. 2008).

Based upon the evidence at trial, as well as the evidence presented at the sentencing evidentiary hearing, the Court finds that the government has failed to establish any of the three requirements by a preponderance of the evidence. As to all the victims, there was only a seller-buyer relationship, not one akin to a fiduciary relationship. None of these victims placed any special trust in defendant which induced their investment; rather, their trust was in Robert Horgos. If Robert Horgos was also a victim, there is still no position of private trust within the meaning of Section 3B1.3. Defendant did not purport to have any special training or experience in real estate, but rather asserted

a good track record and the inside track at a financial institution pursuant to a select pre-foreclosure program.  While his representations were false, his relationship with Robert Horgos does not take this case out of the normal fraud case which inherently requires a certain level of misplaced trust.  The Court finds that the evidence does not establish by a preponderance of the evidence that defendant abused a position of private trust within the meaning of U.S. Sentencing Guidelines Manual §3B1.3.  Therefore the government's objection is overruled.

16.  **Paragraph 65:**  U.S. Sentencing Guidelines Manual §3C1.1 provides for a two-level sentence enhancement where "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense."  Based upon the testimony at the January 4, 2013 hearing, and the evidence at trial, and the Courts findings in paragraph 9 above, the Court finds that there was an obstruction of justice by reason of the false documents to the investigating agents, but not by reasons of the overheard conversation between the IRS agent and the government witness.  Defendant's objections are sustained in part and overruled in part to that extent.

17. **Paragraph 68:** Based upon the Court's findings set forth above, the tax loss is changed to $427,906. This does not change the base offense level.

18. **Paragraphs 66, 75, 77, 79:** Based upon the Court's findings set forth above, these paragraphs are each 35, not 37.

19. **Paragraphs 81-88:** Based upon the testimony at the January 4, 2013 hearing and the evidence at trial, the Court finds that the government has established the facts set forth in these paragraphs by at least a preponderance of the evidence, and (as everyone agrees), this conduct does not constitute relevant conduct under the Sentencing Guidelines. Defendant's objections are overruled.

20. **Paragraphs 92-95:** Defendant's objections to these paragraphs relating to his criminal history are overruled. Paragraph 92 accurately reflects defendant's prior arrest, the basis for the arrest, and the disposition of that case. Paragraph 93 correctly computes defendant's Criminal History Category. Paragraphs 94 and 95 accurately reflect two other criminal charges and their dispositions. The Court will not rely in any fashion upon the contents of paragraphs 94 and 95 in determining defendant's sentence, although the paragraphs are appropriate for inclusion in the Presentence Report.

21. **Paragraphs 96, 97:** Defendant's objections to the Incident Reports are sustained. The Court finds that these

reports, upon which no official action was ever taken, are not probative or reliable.  For the same reasons, the government's additional similar reports, Government's Exhibits 27, 28, 29, were admitted for identification but will not be relied upon by the Court in determining sentence.

    22.  **Paragraph 134:**  Based upon the Court's findings set forth above, the total offense level is 35, the criminal history category is I, and the resulting range of imprisonment is 168 to 210 months imprisonment.

    23.  **Paragraph 147:**  The restitution amounts set forth in paragraph 8(b) above shall apply in this paragraph as well.

    24.  Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the United States Probation Office shall append a copy of this Opinion and Order with any copy of the Presentence Report made available to the United States Bureau of Prisons.

    It is so **ORDERED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of January, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation