UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO SARARO, III,

    Petitioner,

v.                                           Case No: 2:15-cv-714-29MRM
                                             Case No: 2:11-cr-80-29UAM

UNITED STATES OF AMERICA,

    Respondent.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Petitioner Alfredo Sararo's (Sararo or petitioner) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #220)[1] and Memorandum of Law in Support (Cv. Doc. #4; Cr. Doc. #221) filed on November 16, 2015. After the Court issued an Order to Show Cause as to why relief should not be granted (Cv. Doc. #6), the government filed its Response in Opposition (Cv. Doc. #8) on January 15, 2016. Thereafter, on January 21, 2016, Attorney Douglas Molloy entered his appearance as counsel on behalf of petitioner.[2] (Cv. Doc. #9;

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

[2] The Court recognizes that Mr. Molloy served as the Chief Assistant United States Attorney in Fort Myers, Florida from 1991 to 2013. Under 18 U.S.C. § 207(a)(2) he is not barred from representing petitioner because he left government service more than two years prior to entering appearance in this case. Additionally, the record does not indicate that Mr. Molloy

Cr. Doc. #223). On January 29, 2016, petitioner, through counsel, filed an Amended § 2255 Motion and Objections to the Government's Response and moved for an evidentiary hearing. (Cv. Doc. #10; Cr. Doc. #224). Petitioner's Amended § 2255 Motion (Cv. Doc. #10; Cr. Doc. #224) does not raise any additional grounds for relief.³

For the reasons set forth below, Sararo's Motion for an Evidentiary Hearing is granted as to Grounds One and Two.⁴

---

"personally and substantially" participated in Sararo's prosecution within the meaning of 18 U.S.C. 207(a)(1), and the government does not assert otherwise.

3 Petitioner also claimed that counsel was constitutionally ineffective for incorrectly advising him to reject the government's plea offer because the recorded conversation between petitioner, his tax preparer, and accountant would be admissible exculpatory evidence at trial. (Cv. Doc. #4, p. 35). But petitioner, through counsel, later amended his § 2255 motion and abandoned this claim while renewing his other arguments. "As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (internal citations and quotations omitted). And, this is not a case where counsel merely supplemented petitioner's initial § 2255 motion. See Holley v. United States, 718 F. App'x 898, 904 (11th Cir. 2017). In light of this precedent, the Court declines to address petitioner's abandoned claim. See generally Kealy v. United States, No. 16-11583, 2018 WL 416479, at *3 (11th Cir. Jan. 16, 2018) (declining to address, on appeal, petitioner's claim abandoned in later amended § 2255 motion).

4 Petitioner designates three grounds for relief in his Amended § 2255 Motion (Cv. Doc. #10; Cr. Doc. #224). The Court has renumbered the grounds for clarity.

## I. Procedural Background

On March 15, 2011, a federal grand jury in Pittsburgh, Pennsylvania returned a four-count Indictment charging Sararo with filing a false tax return by failing to disclose his true adjusted gross income for 2004 and 2005 in violation of 26 U.S.C. § 7206(1). (Cr. Doc. #2).

On April 7, 2011, Sararo pled not guilty. (Cr. Doc. #1-11). On that same day, Assistant United States Attorney, Brendan Conway, and defense counsel, Robert Rosenblatt, discussed a plea offer. (Cv. Doc. #8-5, p. 2). On May 3, 2011, Conway provided Rosenblatt with a written plea agreement reflecting their oral communications. (Cv. Doc. #4-3). The agreement required Sararo to plead guilty to Count One of the Indictment, charging him with violating 26 U.S.C. § 7206(1). (Cv. Doc. #10-1, p. 2-3; Cr. Doc. 224-1, p. 2-3). In exchange, Sararo would receive a maximum of three years imprisonment and three years of supervised release and be required to pay $250,000 in fines and a $100 special assessment. (Id., p. 5). The agreement also specified that Sararo was the target of a criminal investigation for fraud and, as a condition of the agreement, the government would not seek criminal charges on those allegations. (Id.). Sararo ultimately rejected the government's offer. (Cv. Doc. #8-5, p. 3).

It is at this point that the parties' accounts conflict. Sararo maintains that Rosenblatt failed to inform him: (1) that he

was under investigation for real estate fraud and (2) a rejection of the plea deal would result in a Superseding Indictment with additional charges. (Cv. Doc. #10, pp. 5-8; Cr. Doc. #224, pp. 5-8). Sararo asserts that he did not receive a copy of the written plea agreement until after his sentencing. (Cv. Doc. #10, p. 6; Cr. Doc. #224, p. 6). In addition, Sararo maintains that he rejected the offer because Rosenblatt misrepresented his sentencing exposure and success at trial. (Id., pp. 8-11). The government denies Sararo's allegations. (Cv. Doc. #8, pp. 9, 14, 16).

Thereafter, on August 18, 2011, a federal grand jury in Pittsburgh, Pennsylvania returned an eleven-count Superseding Indictment (Cr. Doc. #5) charging Sararo with seven counts of wire fraud in violation of 18 U.S.C. § 1343 and four counts of filing a false tax return in violation of 26 U.S.C. § 7206(1).

On August 23, 2011, Sararo waived his right to appear at his arraignment and pled not guilty to all counts of the Superseding Indictment. (Cr. Doc. #1-32). Upon Sararo's Motion for Change of Venue, the Western District of Pennsylvania transferred the instant action to the Middle District of Florida on September 2, 2011. (Cr. Doc. #1). Sararo proceeded to trial before this Court on July 25, 2012 (Cr. Doc. #59), and on August 17, 2012, he was

convicted of Counts One through Five and Eight through Eleven (Cr. Doc. #92).[5]

On January 7, 2013, the Court sentenced Sararo to a term of imprisonment of 108 months for Counts One through Five and 36 months for Counts Eight through Eleven, to be served concurrently, followed by a term of three years of supervised release, a $500 special assessment, and restitution in the amount of $2,054,563.00. (Cr. Doc. #153).

Sararo filed a Notice of Appeal (Cr. Doc. #158) on January 11, 2013. On appeal, he raised several challenges to his convictions. First, he argued that the prosecutor engaged in misconduct by: (1) knowingly presenting perjured testimony, (2) commenting on his right not to testify, and (3) attempting to improperly shift the burden of proof to the defense. See <u>United States v. Sararo</u>, 579 F. App'x 983 (11th Cir. 2014). Next, he argued that the district court: (1) erred in denying his motion for judgment of acquittal; (2) abused its discretion in excluding, as self-serving hearsay, Sararo's statements to his tax preparer; and (3) abused its discretion in denying his motion for a new trial. <u>Id.</u> at 983-84. Lastly, he claimed that the cumulative error deprived him of his right to a fair trial. <u>Id.</u> at 984. On September 23, 2014, the Eleventh Circuit affirmed Sararo's

---

5 The government agreed to dismiss Count Six (Cr. Docs. #79; #193 at 149), and the jury ultimately found Sararo not guilty of Count Seven (Cr. Doc. #92, p. 4).

convictions. (Cr. Doc. #218.) Id. Sararo filed for a writ of certiorari, which was denied on February 23, 2015. See Sararo v. United States, 135 S. Ct. 1449 (2015).

The government concedes that petitioner's original § 2255 motion was timely filed, and the Court agrees. (Cv. Doc. #8, p. 5).

## II. Evidentiary Hearing Standard

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. Id. at 715. To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Viewing the facts alleged

in the light most favorable to Sararo, the Court finds that he is entitled to an evidentiary hearing as to Grounds One and Two.

### III. Analysis

#### A. Ground One: Ineffective Assistance During Plea Negotiations

Petitioner argues that Rosenblatt's assistance during the plea negotiation process was deficient and prejudicial under <u>Strickland v Washington</u>, 466 U.S. 668 (1984). He advances the following theories in support: (1) Rosenblatt failed to communicate essential terms of the government's offer and (2) Rosenblatt misrepresented (a) Sararo's sentencing exposure and (b) his chance of success at trial. (Cv. Doc. #10, pp. 4-11; Cr. Doc. #224, pp. 4-11). Sararo alleges that, had Rosenblatt not rendered ineffective assistance of counsel, he would have accepted a plea offer by the government. (<u>Id.</u>). The government denies Sararo's allegations. (Cv. Doc. #8, p. 14, 16).

A defendant in a criminal case is entitled to effective assistance of counsel during plea negotiations. See <u>Lafler v. Cooper</u>, 566 U.S. 156, 162 (2012). For a claim that a plea would have been accepted but for counsel's ineffectiveness, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have

accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164.

As will be discussed below, the Court cannot, based on the record before it, assess the credibility of the opposing versions of events and, thus, finds an evidentiary hearing is required as to Ground One.

**1. Failure to Communicate Terms of the Government's Offer**

Petitioner provides evidence that there was at least one plea offer extended and verbally relayed to him by counsel providing for a sentence exposure of only three years imprisonment. (Cv. Doc. #10-1; Cr. Doc. #224-1). Sararo states that counsel was deficient for failing to inform him that he was under investigation for real estate fraud and a rejection of the plea offer would trigger a Superseding Indictment with additional charges (and larger penalties). (Id., pp. 4-8). He states he would have pled guilty but for ineffective assistance of counsel. (Id., p. 6).

The government denies Sararo's allegations and offers Rosenblatt's Affidavit in support. (Cv. Doc. #8, p. 9; Cv. Doc. #8-5). Rosenblatt states that he "relayed AUSA Conway's offer to Sararo that unless Sararo pled to a count in the indictment, the Government would supersede the indictment and add several wire fraud counts." (Cv. Doc. #8-5, p. 2). Because the Court cannot resolve a factual dispute solely upon Rosenblatt's Affidavit, an

evidentiary hearing is warranted. See Alvarez-Sanchez v. United States, 350 F. App'x 421, 423-24 (11th Cir. 2009) (finding the district court abused its discretion in relying solely upon defense counsel's affidavit in denying petitioner's claim).

**2. Unreasonable Advice During Plea Discussions**

**(a) Misrepresentation of Petitioner's Sentencing Exposure**

Sararo alleges that Rosenblatt advised him to reject the government's plea offer because, if convicted at trial, he faced only home detention/probation or, at most, a term of three years imprisonment (as under the plea agreement). (Cv. Doc. #10, pp. 9-10; Cr. Doc. #224, pp. 9-10). The government concedes that petitioner's claim would constitute deficient performance but denies that Rosenblatt made such misrepresentations to petitioner. (Cv. Doc. #8, p. 15). Because there is a factual dispute between the parties, an evidentiary hearing is necessary. See Alvarez-Sanchez, 350 F. App'x at 423-34.

**(b) Misrepresentation of Petitioner's Success at Trial**

Sararo alleges that Rosenblatt advised him that this Court would dismiss his fraud charges because it dismissed a related civil action in which Sararo was a named defendant. (Cv. Doc. #10, pp. 9-10; Cr. Doc. #224, pp. 9-10). He asserts that, based on Rosenblatt's advice, he rejected the government's plea offer. (Id., p. 10). Rosenblatt claims that "[n]o guarantee was ever provided to Sararo that the trial judge would dismiss this count

against Sararo much less the entire indictment." (Cv. Doc. #8-5, p. 6). Thus, an evidentiary hearing is appropriate.

**B. Ground Two: Ineffective Assistance of Counsel Due to Financial Conflict of Interest**

Under Ground Two, Sararo alleges that Rosenblatt rendered ineffective assistance because he operated under a financial conflict of interest. (Cv. Doc. #10, pp. 11-13; Cr. Doc. #224, pp. 11-13).

To succeed on an ineffective assistance claim based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001) (citing Fruend v. Butterworth, 165 F.3d 839, 858 (11th Cir. 1999)).

Sararo asserts that Rosenblatt encouraged him to reject the government's plea deal and proceed to trial so that Rosenblatt could earn more attorney's fees. (Id., p. 12). Rosenblatt denies this accusation and states that, during trial, Sararo had exhausted his financial resources and was unable to pay expert witness fees and Rosenblatt's attorney's fees. (Cv. Doc. 8-5, p. 4). The Court finds that an evidentiary hearing is warranted to resolve the factual dispute.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for an Evidentiary Hearing (Cv. Docs. #10, p. 13, #12; Cr. Doc. #224, p. 13) is **GRANTED** as to Grounds One and Two.[6]

2. Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #10; Cr. Doc. #224) as to Grounds One and Two is **TAKEN UNDER ADVISEMENT pending an evidentiary hearing.**

3. Counsel and petitioner shall appear before the undersigned for an evidentiary hearing. **A separate notice will issue setting a hearing date.**

4. The United States Marshal's Office shall facilitate petitioner's transport for the hearing from Federal Prison Camp Pensacola (#32847-068) and secure Alfredo Sararo's presence in Fort Myers, Florida. **A separate notice will issue setting a deadline.**

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] The Court declines to appoint counsel for petitioner because private counsel has entered appearance in this case. (Cv. Doc. #9).

Copies:
All parties of record
United States Marshal Service